

FILED
CLERK, U.S. DISTRICT COURT
OCT 11 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 8:18-cv-01287-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On July 25, 2018, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## ADMINISTRATIVE BACKGROUND

On January 12, 2015, Plaintiff filed an application for Disability Insurance Benefits, and on January 30, 2015, he filed an application for Supplemental Security Income. (Administrative Record [AR] 15, 92, 93.) In both applications, Plaintiff alleged disability beginning on January 1, 2007, due to major depression, sleep apnea, and chronic pain. (AR 52, 72.)

After his applications were denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ"). (AR 15, 150-51.) At a hearing held on May 24, 2017, at which Plaintiff appeared with counsel, the assigned ALJ heard testimony from Plaintiff and a vocational expert. (AR 30-51.)

In a decision issued on August 4, 2017, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 15-24.) Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2007. (AR 17.) He had severe impairments consisting of "major depressive disorder; generalized anxiety disorder; sleep apnea; history of piriformis release with residual neuroma and low back pain." (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 18.) He had a residual functional capacity to perform "medium unskilled work." (AR 20.) Based on this residual functional capacity, Plaintiff could not perform his past relevant work as a ride operator. (AR 23.) However, Plaintiff could perform other work in the national economy. (AR 23.) In so concluding, the ALJ did not adopt the vocational expert's testimony, but instead relied on Rules 203.14, 203.21, and 203.28 of the Medical-Vocational Guidelines. (AR 24.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

///

2

On June 9, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

**DISPUTED ISSUES**

The parties raise three disputed issues:

1. "Whether the ALJ conducted a proper residual functional capacity assessment."

2. "Whether the ALJ properly considered the treating physician's opinion."

3. "Whether the ALJ properly considered the State agency medical consultants' opinions."

(ECF No. 23, Parties' Joint Stipulation ["Joint Stip."] at 2-3.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's

interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on the ALJ's assessment of the treating physician's opinion. Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**A.    Treating Physician's Opinion (Issue Two).**

**1.    Legal Standard.**

Disputed Issue Two involves the ALJ's assessment of the opinion of Dr. Ciprian, Plaintiff's treating psychiatrist. (Joint Stip. at 10-15.)

A treating physician's opinion is entitled to special weight because he or she is "most able to provide a detailed, longitudinal picture" of a claimant's medical impairments and bring a perspective to the medical evidence that cannot be obtained from objective medical findings alone. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion
///

4

depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

If the treating physician's opinion is uncontroverted by another doctor's opinion, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Here, Dr. Ciprian's opinion was inconsistent with the opinions of two state agency review physicians (AR 61, 109) and an examining physician (AR 914). Thus, the ALJ was required to state specific and legitimate reasons based on substantial evidence in the record before rejecting Dr. Ciprian's opinion.

### 2. Background.

Dr. Ciprian was Plaintiff's treating psychiatrist from January 2015 to February 2016. (AR 886, 1038). In June 2015, Dr. Ciprian issued a five-page narrative opinion about Plaintiff's major depressive disorder. (AR 902-06.) In that opinion, Dr. Ciprian explained Plaintiff's level of functioning in four areas. (AR 904-05.)

First, in the area of "present daily activities," Dr. Ciprian stated that Plaintiff can take the bus, drive to appointments, and prepare some meals, but when he is depressed, he would not have the energy to care for himself and would stay in bed for most of the time. (AR 904.) Second, in the area of "social functioning," Dr. Ciprian stated that Plaintiff isolates himself and minimizes social contact with others, that his last job was at Disneyland several years ago, and that he has no

primary support and cannot obtain any employment. (AR 905.) Third, in the area of "concentration and task completion," Dr. Ciprian wrote that Plaintiff is able to follow instructions and complete his tasks, but due to a depressed mood, anxiety, low motivation, and hopelessness, Plaintiff would not be able to keep up with his regular routine. (*Id.*) Fourth, in the area of "adaptation to work or work-like situations," Dr. Ciprian wrote that Plaintiff keeps things to himself and does not speak up but chooses to be silent at all times, and furthermore that he manages his stress poorly, often leading to suicidal ideation. (*Id.*)

The ALJ addressed Dr. Ciprian's assessment of the second area, social functioning. (AR 22.) The ALJ found that Plaintiff's "observed interactions with others and the lack of observed problems in these interactions shows he is only slightly limited in this area on a sustained basis. As such, there is no included social interaction restrictions in [Plaintiff's] residual functional capacity." (*Id.*) As support, the ALJ referred to evidence that Plaintiff had a close friend who completed a third-party function report on his behalf, that the friend sees and interacts with Plaintiff frequently, that Plaintiff was able to interact with the numerous medical professionals he encountered, and that he had no history of disciplinary action during an earlier incarceration for a probation violation. (*Id.* [citing AR 19].) Thus, the ALJ afforded "less weight" to Dr. Ciprian's opinion. (AR 22.)[3]

///

///

///

---

[3] The ALJ used this same reason exclusively to discount the opinions of an examining psychiatrist and two state agency physicians. (AR 22.)
Although the Commissioner interprets the ALJ's decision broadly to posit additional reasons to discount the treating psychiatrist's opinion (Joint Stip. at 13-14), the Court's review is limited to the sole reason the ALJ actually asserted, based on Plaintiff's level of social functioning. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.") (citations omitted).

### 3. Analysis.

An ALJ may reject a treating physician's opinion about a claimant's mental illness when it is inconsistent with the claimant's level of social activity. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999)). Here, Dr. Ciprian's opinion about Plaintiff's social functioning was inconsistent with the evidence the ALJ cited, particularly the third-party function report submitted by Plaintiff's friend. (AR 272-80.) According to that report, Plaintiff spends time with others, helps others by "carrying heavy things" for them, attends church regularly, visits the friend's home regularly, and goes out "a couple of times per week." (AR 276.) And as the ALJ further noted, the record did not suggest that Plaintiff had problems in social functioning when he interacted with numerous medical professionals or when he was incarcerated for a probation violation. Based on this evidence, the ALJ stated a specific and legitimate reason to discount Dr. Ciprian's statement that Plaintiff's social functioning consists of isolating himself and minimizing social contact with others. (AR 905.)

However, despite the validity of this reason, Plaintiff contends that the ALJ's assessment was incomplete because it did not address other parts of Dr. Ciprian's opinion. (Joint Stip. at 11-12.) Specifically, the ALJ did not address Dr. Ciprian's opinion about Plaintiff's ability to function in the other areas of mental functioning, particularly in the areas of "concentration and task completion" and "adaptation to work or work-like situations." (*Id.*; *see also* AR 905.) In those areas, Dr. Ciprian wrote that Plaintiff "would not be able to keep up with his regular routine" and that Plaintiff's inability to manage stress will "often lead to suicidal ideation." (AR 905.) The Commissioner did not counter this part of Plaintiff's argument in challenging the ALJ's assessment. (Joint Stip. at 12-15.)

An ALJ's analysis of a treating physician's opinion, even one that is contradicted by other opinions, must be "detailed and thorough." *See Magallanes,*

881 F.2d at 751. It follows that an ALJ's partial discussion of medical opinions, particularly a discussion that focuses on one symptom at the exclusion of others, is insufficient. *See Erickson v. Shalala*, 9 F.3d 813, 817-18 (9th Cir. 1993) (holding that, in a case involving a claimant with a pulmonary disease, an ALJ erred by focusing on the claimant's breathing ability without considering the "condition as a whole" and "other symptoms" such as exhaustion or dizzy spells, because an ALJ "must consider *all factors* that might have a significant impact on an individual's ability to work.") (emphasis in original) (citation and internal quotation marks omitted).

Here, the ALJ's focus on Plaintiff's social functioning was not responsive to Dr. Ciprian's findings that Plaintiff had other mental symptoms consisting of deficits in "concentration and task completion" and "adaptation to work or work-like situations." (AR 905.) In those areas, Dr. Ciprian reported findings that were independent of social functioning, *i.e.*, that Plaintiff's depressive symptoms prevented him from keeping up with his regular routine and that he managed his stress poorly so as to avoid suicidal ideation. (*Id.*) Thus, even if the ALJ properly rejected Dr. Ciprian's statement regarding Plaintiff's social functioning, the analysis was incomplete because it was not responsive to other parts of Dr. Ciprian's opinion stating that Plaintiff had other mental symptoms precluding the completion of a normal workweek.

In sum, because the discussion of Dr. Ciprian's opinion was incomplete, it was not based on specific and legitimate reasons. *See Erickson*, 9 F.3d at 817; *see also Orn*, 495 F.3d at 634-35 (holding that an ALJ failed to provide specific and legitimate reasons by focusing on the claimant's range of motion and neurological deficits, which was not responsive to the treating physician's opinion that the claimant could not work because of respiratory symptoms, and stating that "an ALJ must evaluate the physician's assessment using the grounds on which it is based"); *Cargill v. Berryhill*, 762 F. App'x 407, 410 (9th Cir. 2019) (holding that an ALJ

8

erred by stating reasons to reject a treating physician's opinion that went to non-exertional limitations and therefore were non-responsive to the physician's opinion regarding the claimant's physical limitations in sitting and the need to elevate his legs); *Burns v. Berryhill*, 731 F. App'x 609, 611 (9th Cir. 2018) (holding that an ALJ's rejection of a treating physician's opinion because of the claimant's improvement in cognitive functioning failed to address the treating physician's discussion of the claimant's disabling headaches); *Hostrawser v. Astrue*, 364 F. App'x 373, 376 (9th Cir. 2010) (holding that an ALJ failed to set forth specific and legitimate reasons by focusing unduly on the claimant's leg pain while ignoring his back pain). Thus, reversal is warranted.

**B.     Remand for further administrative proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error in the assessment of the treating psychiatrist's opinion, the record on the whole is not fully developed, and essential factual issues remain outstanding. Thus, although Plaintiff requests that the treating psychiatrist's opinion be credited as true (Joint Stip. at 12), such a step is improper here. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (holding that where outstanding issues remain, crediting evidence as true is improper, because "this reverses the required order of analysis") (quoting *Dominguez*, 808 F.3d at 409); *see also Burns*, 731 F. App'x at 612 (holding that where the ALJ's analysis

9

was not responsive to the treating physician's opinion, the ALJ was not required to credit the opinion as true, but rather the ALJ may reconsider the treating physician's opinion together with any other evidence). In sum, the record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: October 11, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE